UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTAL BOWEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19 CV 931 JMB |
| | ) |
| LM GENERAL INSURANCE COMPANY,[1] | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Christal Bowen's ("Plaintiff") Motion to Remand (ECF No. 9) To date, Defendant LM General Insurance Company ("Defendant") has not filed a responsive pleading to the motion.

Plaintiff filed suit in the Circuit Court of St. Louis City asserting claims for breach of contract (Count I) and vexatious refusal to pay (Count II). In her Petition, Plaintiff claims entitlement to her $100,000.00 underinsured motorist coverage under a policy of automobile insurance issued by Defendant because she sustained severe, serious, permanent, and progressive injuries to her neck in back arising out of the December 8, 2015 automobile accident. (ECF No. 1-1) She prayed for judgment for her underinsured motorist benefits, interest, penalties for vexatious refusal to pay, and attorney's fees.

On April 18, 2019, Defendant timely removed the matter to this Court, invoking jurisdiction based on diversity of citizenship. (ECF No. 1) Plaintiff seeks to remand the instant matter to state court, arguing that the amount in controversy does not exceed $75,000. In support, Plaintiff submits an affidavit signed under oath by Plaintiff, in which she asserts that she

---

[1] Defendant is incorrectly named in the Petition as "Liberty Mutual Insurance." (ECF No. 1-1)

1

"will not seek, ask for, or accept any amount of damages in excess of $75,000, exclusive of interest and costs." (ECF No. 9-2) Plaintiff's affidavit is silent as to attorney's fees, to which Plaintiff may be entitled under Missouri law.

Remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. Green v. Dial Corp., 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009)). A plaintiff can meet that burden with a binding stipulation by affidavit or other binding declaration filed in both state and federal court limiting the plaintiff's recovery of damages. Rhone v. Schneider Nat'l Carriers, Inc., 2016 WL 3569752, at *2 (E.D. Mo. July 1, 2016); see also Pudlowski v. The St. Louis Rams, LLC, 829 F.3d 963, 964-65 (8th Cir. 2016) (finding that the district court abused its discretion by refusing to consider post-removal affidavits related to the court's jurisdiction).

Missouri law provides for the recovery of attorney's fees in a vexatious refusal case when an insurance company fails to pay amounts owed pursuant to a policy of insurance. See Mo. Rev. Stat. § 375.420. Including an estimate of attorney's fees in the amount in controversy is appropriate where, as here, such fees are recoverable pursuant to state statute. Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction); Skoda v. Lilly USA, LLC, 488 Fed.Appx. 161, 164 (8th Cir. 2012) (per curiam) (unpublished) (remanding case to district court to consider whether amount in controversy could be satisfied by adding reasonable attorney's fees available by state statute).

Here, the affidavit signed under oath by Plaintiff limiting her recovery is silent as to attorney's fees, to which Plaintiff may be entitled under Missouri law. See, e.g., McGuire v. J.B. Hunt Transp., Inc., 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("A binding stipulation

by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs.").

Accordingly,

**IT IS HEREBY ORDERED** that the Court will **RESERVE** ruling on Plaintiff's Motion to Remand (ECF No. 9) for a period of five (5) days from the date of this Order to allow Plaintiff to submit any supplemental filings.

Dated this 28th day of May, 2019.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE