UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTAL BOWEN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:19 CV 931 JMB ) |
| LM GENERAL INSURANCE COMPANY,[1] | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Christal Bowen's ("Plaintiff") Motion to Remand (ECF No. 9) and Supplemental Suggestions in Support of Motion for Remand (ECF No. 13). To date, Defendant LM General Insurance Company ("Defendant") has not filed a responsive pleading to the motion. All matters are pending before the undersigned United States Magistrate Judge with the consent of the parties, pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, Plaintiff's motion will be granted.

**I.     BACKGROUND**

Plaintiff filed suit in the Circuit Court of St. Louis City, asserting claims for breach of contract (Count I) and vexatious refusal to pay (Count II). She prayed for judgment for her underinsured motorist benefits, interest, penalties for vexatious refusal to pay, and attorney's fees. In the Petition, Plaintiff did not allege a specific amount damages in accordance with Missouri state law.[2]

---

[1] Defendant is incorrectly named in the Petition as "Liberty Mutual Insurance." (ECF No. 1-1)

[2] Randy Kinder Excavating, Inc. v. J.A. Manning Const. Co., Inc., 899 F.3d 511, 520 (8th Cir. 2018); Gebert v. United Rentals (North America), Inc., 2005 WL 2789332, at *1 (E.D. Mo. Oct.

1

On April 18, 2019, Defendant timely removed the matter to this Court, invoking jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332. (ECF No. 1) In the notice of removal, Defendant asserts that Plaintiff seeks damages in excess of $75,000,[3] citing to her Petition, wherein Plaintiff claims entitlement to her $100,000.00 underinsured motorist coverage under a policy of automobile insurance issued by Defendant because she sustained severe, serious, permanent, and progressive injuries to her neck in back arising out of the December 8, 2015 automobile accident. (ECF No. 1-1)

Plaintiff seeks to remand the instant matter to state court, arguing that the amount in controversy does not exceed $75,000. In support, Plaintiff submitted an affidavit signed under oath by Plaintiff, in which she asserts that she "will not seek, ask for, or accept any amount of damages in excess of $75,000, exclusive of interest and costs." (ECF No. 9-2) Because Plaintiff's affidavit was silent as to attorney's fees,[4] to which Plaintiff may be entitled under Missouri law, the Court ordered Plaintiff to supplement her affidavit. In an Amended Affidavit, Plaintiff asserts that she "will not seek, ask for, or accept any amount of damages, including attorney fees, if any, in excess of $75,000.00, exclusive of interest and costs." (ECF No. 13-1)

---

26, 2005) ("Missouri civil procedure law prohibits a plaintiff from praying for specific monetary relief.").

[3] It is undisputed that complete diversity of citizenship exists in this action.

[4] Missouri law provides for the recovery of attorney's fees in a vexatious refusal case when an insurance company fails to pay amounts owed pursuant to a policy of insurance. See Mo. Rev. Stat. § 375.420. Including an estimate of attorney's fees in the amount in controversy is appropriate where, as here, such fees are recoverable pursuant to state statute. Crawford v. F. Hoffman-La Roche Ltd., 267 F.3d 760, 766 (8th Cir. 2001) ("Statutory attorney fees do count toward the jurisdictional minimum for diversity jurisdiction); Skoda v. Lilly USA, LLC, 488 Fed.Appx. 161, 164 (8th Cir. 2012) (per curiam) (unpublished) (remanding case to district court to consider whether amount in controversy could be satisfied by adding reasonable attorney's fees available by state statute).

## II. DISCUSSION

When a defendant removes a civil action to federal court and its notice of removal includes a good faith, plausible allegation that the amount in controversy exceeds the jurisdictional threshold, the "allegation should be accepted when not contested by the plaintiff or questioned by the court." Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 553 (2014); But if the plaintiff contests the defendant's amount-in-controversy allegation, removal is proper on the basis of an amount in controversy asserted by the defendant if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. Waters v. Ferrara Candy Co., 873 F.3d 633, 635-36 (8th Cir. 2017). Both sides can submit evidentiary proof and then the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied. Id.

"Importantly, the issue is not whether the damages are in fact greater than $75,000.00, but whether a fact finder might legally conclude that they are." Hughes v. Transwood, Inc., 2018 WL 1762719, at *2 (E.D. Mo. Apr. 12, 2018). "The amount in controversy requirement of diversity jurisdiction is strictly construed, and all doubts concerning federal jurisdiction are resolved in favor of remand." Armour v. Schneider Nat's Carriers, Inc., 2016 WL 5470466, at *2 (E.D. Mo. Sept. 29, 2016). The Court has "an independent obligation to ensure that the case is properly before it." Pudlowski v. St. Louis Rams, LLC, 2016 WL 3902660, at *1 (8th Cir. July 19, 2016).

Remand is only appropriate if the plaintiff can establish to a legal certainty that the claim is for less than the requisite amount. Green v. Dial Corp., 2011 WL 5335412, at *1 (E.D. Mo. Nov. 4, 2011) (citing Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009)). A plaintiff can meet that burden with a binding stipulation by affidavit or other binding declaration filed in both

state and federal court limiting the plaintiff's recovery of damages. Rhone v. Schneider Nat'l Carriers, Inc., 2016 WL 3569752, at *2 (E.D. Mo. July 1, 2016); see also Pudlowski, 829 F.3d at 964-65 (finding that the district court abused its discretion by refusing to consider post-removal affidavits related to the court's jurisdiction). While post-removal events "do not oust the district court's jurisdiction once it has attached," St. Paul Mercury Indem. Co. v. Red Cab Co., 300 U.S. 283, 292 (1938), the court may consider post-removal affidavits to resolve whether the court has jurisdiction to the extent the affidavit clarifies, rather than amends, the original pleading. Armour, 2016 WL 5470466, at *2.

Here, Plaintiff submitted an Amended Affidavit averring that she "will not seek, ask for, or accept any amount of damages, including attorney fees, if any, in excess of $75,000.00, exclusive of interest and costs." (ECF No. 13-1) This amended affidavit clarifies the original Petition which did not include a specific prayer of damages in accordance with Missouri state law. See, e.g., McGuire v. J.B. Hunt Transp., Inc., 2010 WL 2399550, at *4 (E.D. Mo. June 10, 2010) ("A binding stipulation by affidavit or other binding declaration by plaintiff filed in both state and federal court stating that [plaintiff] does not seek, and will not ask for or accept an amount in damages in excess of $75,000.00, exclusive of interest and costs, protects both plaintiff and defendant and allows the court to find as a matter of law that the amount in controversy at the time of removal did not and does not exceed $75,000.00, exclusive of interest and costs."). By filing the Amended Affidavit, Plaintiff has established to a legal certainty that her claim for recovery is for less than the requisite jurisdictional amount. See Hughes, 2018 WL 1762719, at *2. Accordingly, Plaintiff's motion to remand will be granted, and the case will be remanded to state court.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 9) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall remand this matter to the Circuit Court of St. Louis City from which it was removed.

Dated this 5th day of June, 2019.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE
